### IN THE UNITED STATED DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CLYDE J. TIPPIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:11-CV-02066 |
| | ) | |
| ONEBEACON AMERICA | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW OneBeacon America Insurance Company, ("OneBeacon"), by and through counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), and for its Suggestions in Support of its Motion to Dismiss, states as follows:

<u>Brief Statement of the Case</u>

Plaintiff entered into an independent contractor agreement for employment with Greatwide Dedicated Transport ("Greatwide").  OneBeacon issued Policy No. 216000000170 to Greatwide for occupational accident insurance coverage for the period commencing February 20, 2009 (hereafter "OneBeacon Policy").  Plaintiff alleges he sustained injuries on May 31, 2009, while working on the tractor-trailer he operated pursuant to the agreement with Greatwide. OneBeacon denied Plaintiff's claim for disability benefits on the grounds that Plaintiff was not considered to be under dispatch at the time he sustained the alleged injuries.

On January 18, 2010, Plaintiff filed a Petition for Breach of Contract in the District Court of Crawford County, Kansas.  Plaintiff contends he was under dispatch as defined by the OneBeacon Policy in that he was performing maintenance on the tractor-trailer at the time of his injury. On February 3, 2011, OneBeacon removed the case to the U.S. District Court for the

District of Kansas, based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, as the claim was preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

Federal Pleading Standard

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The pleading standard announced in Rule 8 does not require "detailed factual allegations," but demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not "show[n]" "that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true to "state a claim to relief that is plausible on its face."  Fed. Rule Civ. Proc. 8(a)(2); *Twombly*, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556.  While the well-pleaded factual allegations in the complaint are presumed to be true for purposes of a motion to dismiss under Rule 12(b)(6), such facts must rise "above the speculative level" and do more than "merely create[] a suspicion." *Id.* at 544-45.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice and must be rejected.  *Ashcroft*, 129 S. Ct. at 1950; *Twombly*, 550 U.S. at 555.  As is demonstrated below, Plaintiff fails to sufficiently

plead any allegations which state a claim of relief which is plausible on its face and, therefore, the Petition/Complaint should be dismissed.

<u>Argument</u>

Section 502(a)(1)(B) of ERISA provides the exclusive civil enforcement mechanism for beneficiaries to recover benefits from a covered employee benefit plan.  29 U.S.C. § 1132(a)(1)(B); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987).  ERISA preempts all state laws insofar as they "relate to" an employee benefit plan under ERISA.  29 U.S.C. § 1144(a).  A state law or common law cause of action relates to a benefit plan if it has a connection with or reference to such a plan.  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (citation omitted).  Specifically, Section 502(a)(1)(B) permits a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  Section 502(a)(1)(B); 29 U.S.C.A. § 1132.

Even assuming, solely for purposes of this Motion to Dismiss, that the allegations in Plaintiff's Petition/Complaint are true, Plaintiff has failed to allege a cause of action under ERISA.  Plaintiff's alleged breach of contract claim is pre-empted by ERISA, which is the exclusive remedy for a denial of benefits allegedly due under the terms of an ERISA plan.  Here, it is both clear and undisputed that the OneBeacon Policy is an employee benefit plan covered by ERISA, *see* 29 U.S.C. § 1002(1), (3), and that Plaintiff's claim for benefits falls squarely within the civil action provision of § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).  Accordingly, Plaintiff's breach of contract claim is pre-empted and his exclusive remedy is a claim pursuant § 502(a)(1)(B).  Therefore, Plaintiff's Petition/Complaint should be dismissed.

WHEREFORE, for the reasons set forth in Defendant's Motion to Dismiss and these Suggestions in Support, Defendant respectfully requests that Plaintiff's Petition/Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), and for such further relief the Court deems just and proper.

Respectfully Submitted,

EVANS & DIXON, L.L.C.

_____
Jessica R. Beever, KS #22710
1100 Main Street, Suite 2000
Kansas City, MO 64105
Tele: (816) 472-4600
Fax:  (816) 472-4013
*Attorneys for Defendant OneBeacon
America Insurance Company*

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 15th day of March, 2011, the foregoing was filed with the United State District Court, District of Kansas, at Kansas City, and served electronically to:

Kala Spigarelli
Sarah A. Mills
Spigarelli, Spigarelli, & Hayes
P.O. Box 1449
Pittsburg, KS 66762
Tele: (620) 231-1290
Fax:  (620) 232-6650
*Attorneys for Plaintiff Clyde Tippie*

_____

2317479