IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLYDE J. TIPPIE,

    Plaintiff,

vs.                                                  Case No. 11-2066-JTM

ONEBEACON AMERICA INSURANCE
COMPANY,

    Defendant.

MEMORANDUM AND ORDER

Before the court is defendant OneBeacon America Insurance Company's Motion to Dismiss (Dkt. No. 10). For the following reasons, the court denies the motion.

**I. Factual Background**

Plaintiff entered into an independent contractor agreement for employment with Greatwide Dedicated Transport (Greatwide) on March 7, 2007. OneBeacon American Insurance Company (OneBeacon) issued Policy No. 216000000170 to Greatwide for occupational accident insurance coverage for the period beginning February 20, 2009. Plaintiff alleges he sustained injuries on May 31, 2009, while working on the tractor trailer he drove for Greatwide. OneBeacon denied plaintiff's claim for disability on the grounds he was not under dispatch at the time he sustained the injuries.

On January 18, 2010, plaintiff filed a petition for breach of contract in the District Court of Crawford County, Kansas, arguing he was under dispatch when injured as defined by the OneBeacon

policy. On February 3, 2011, defendant removed the case to this court contending the claim is preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 to § 1461. Defendant filed this Motion to Dismiss on March 15. Defendant argues plaintiff's state law cause of action is preempted under Section 502(a)(1)(B), which provides the exclusive civil enforcement mechanism for beneficiaries to recover benefits under a covered employee benefit plan. Plaintiff argues the employee benefit plan at issue is not covered by ERISA and, thus, the state law claim is proper.

**II. Legal Standard: 12(b)(6)**

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). This simplified notice pleading rule is justified because of the liberal discovery rules and availability of summary judgment to dispose of unmeritorious claims. *Id.*

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Corder v. Lewis Palmer Sch. Dist No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (clarifying and affirming *Twombly's* probability standard). Allegations that raise the specter of mere speculation are not enough. *Corder*, 566 F.3d at 1223-24. The court must assume

that all allegations in the complaint are true. *Iqbal*, 129 S. Ct. at 1936-37. However, a complaint that only states conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'" *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2 (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511). The Tenth Circuit utilizes a two-step process when analyzing a motion to dismiss. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). First, the court must identify conclusory allegations not entitled to the assumption of truth. *Id.* Second, the court must determine whether the remaining factual allegations plausibly suggest the plaintiff is entitled to relief. *Id.*

**III. Analysis**

Key to this 12(b)(6) motion is whether plaintiff's state law cause of action is preempted by ERISA. ERISA governs "employee benefit plan[s]." 29 U.S.C. § 1003(a) (2006). One form of employee benefit plan is an "employee welfare benefit plan." *Id.* § 1002(3). An "employee welfare benefit plan is:

> [A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

3

*Id.* § 1002(1). Section 502(a)(1)(B) of ERISA provides the exclusive civil enforcement measure for beneficiaries to recover benefits under a covered plan. *See* 29 U.S.C. § 1132(a)(1)(B) (2006) ("A civil action may be brought—by a participant or beneficiary—to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan"); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987). ERISA preempts state law causes of action that "relate to" an employee benefit plan under the act. 29 U.S.C. § 1144(a) (2006).

"This [Tenth Circuit] court has adopted five criteria that must be established for an 'employee welfare benefits plan' to fall within ERISA's scope: '(1) a 'plan, fund, or program' (2) established or maintained (3) by an employer (4) for the purpose of providing health care or disability benefits (5) to participants or their beneficiaries.'" *Sipma v. Mass. Cas. Ins. Co.*, 256 F.3d 1006, 1009 (10th Cir. 2001) (quoting *Gaylor v. John Hancock Mut. Life Ins. Co.*, 112 F.3d 460, 464 (10th Cir. 1997)) (alterations added). Elements three, four, and five are not at issue in this case: Greatwide is the employer, the disability insurance plan clearly provides disability benefits, and plaintiff is the beneficiary. Only the first and second elements are at issue.

Under the first element, "'[a] plan, fund, or program exists if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and the procedures for receiving benefits.'" *Sipma*, 256 F.3d at 1012 (quoting *Gaylor*, 112 F.3d at 464) (internal quotations omitted). At this stage, enough facts show this element is met. Plaintiff is the intended beneficiary. Plaintiff was also the source of financing. And, the procedures for receiving the disability benefits are reasonably established in the plan. Thus, a "plan, fund, or program" exists for purposes of ERISA.

4

The second element is the main point of contention. Plaintiff argues no facts suggest Greatwide "established or maintained" the employee benefit plan, taking it out of ERISA's scope. The Tenth Circuit has provided:

> [T]he "established or maintained" requirement is designed to ensure that the plan is part of an employment relationship. . . . [W]e determine whether the plan is part of an employment relationship by looking at the degree of participation by the employer in the establishment or maintenance of the plan. An employer's mere purchase of insurance for its employees does not, without more, constitute an ERISA plan. An important factor in determining whether a plan has been established is whether the employer's purchase of the policy is an expressed intention by the employer to provide benefits on a regular and long-term basis.

*Sipma*, 256 F.3d at 1012 (quoting *Gaylor*, 112 F.3d at 464). Whether the employer pays the premiums on the policy is often an important factor. *Id.* (citing *Madonia v. Blue Cross & Blue Shield of Vir.*, 11 F.3d 444, 447 (4th Cir. 1993) ("Under this statutory definition, employers may easily establish ERISA plans by purchasing insurance for their employees.")).

At this stage, it does not appear Greatwide's degree of participation in the establishment or maintenance of the plan is great or substantial. In fact, plaintiff has alleged he, and not Greatwide, paid all of the individual premiums for the policy. Assuming, as we must, that plaintiff paid the premiums, it is likely Greatwide did not "establish or maintain" the "plan, fund, or program." It appears that Greatwide did nothing more than provide the ability for plaintiff to obtain disability insurance, but did not "establish or maintain" it. Defendant contends "it is both clear and undisputed that the OneBeacon Policy is an employee benefit plan covered by ERISA"; yet it fails to show any facts supporting that conclusion. *See* Dkt. No. 11, pg. 3. As such, the court finds plaintiff has asserted enough facts to show his state law claims are not preempted by ERISA, at least not on the present facts. Thus, the court will not dismiss plaintiff's Complaint.

Even if plaintiff's claims did fall within ERISA, the proper action is for the court to recharacterize the claims as arising under ERISA, rather than dismissing them as defendant seeks. *See Rutherford v. Reliance Standard Life Ins. Co.*, No. 10-2456, 2010 WL 4942128, at *3 (D. Kan. Nov. 30, 2010) (citing *Metropolitan Life Ins. Co.*, 481 U.S. at 63-67; *Carling v. Metropolitan Life Ins. Co.*, 935 F.2d 1114, 1119 (10th Cir. 1991)). However, because the facts suggest plaintiff's claims are not preempted by ERISA, such a recharacterization is unnecessary at this stage.

IT IS ACCORDINGLY ORDERED this 25th day of May 2011, that Defendant's Motion to Dismiss (Dkt. No. 10) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE