IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLYDE J. TIPPIE,

        Plaintiff,

        vs.                         Case No. 11-2066-JTM

ONEBEACON AMERICA INSURANCE COMPANY,

        Defendant.

MEMORANDUM AND ORDER

Clyde Tippie and OneBeacon American Insurance Company dispute whether benefits are due under an occupational accident insurance policy. OneBeacon moves for summary judgment on all claims (Dkt. No. 41). Mr. Tippie, a commercial truck driver, moves for summary judgment on whether he was "under dispatch" by the policy's terms, and for attorney fees under Kansas Statute § 40-256 for failure to pay benefits without just cause (Dkt. No. 48). Because the unambiguous language of the policy provides that no benefits are payable on any loss filed under a workers compensation law until such a filing is approved or denied, and Mr. Tippie has a pending workers compensation claim, OneBeacon's motion is granted, and Mr. Tippie's motion is denied.

**I. Summary Judgment Legal Standard**

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." FED. R. CIV. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material

fact." *Id.* Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hosp.*, 854 F.2d 365, 367 (10th Cir. 1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Nat. Gas Co.*, 754 F.2d 884, 885 (10th Cir. 1985). The moving party need not disprove [nonmovant's] claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir. 1987) (alterations added).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Id.* Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. *Id.* at 250-51. Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id.* at 587 (quoting FED. R. CIV. P. 56(e)) (emphasis in *Matsushita*).

Finally, the court reminds the parties that summary judgment is not a "disfavored procedural

2

shortcut." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). It is an important procedural vehicle "designed to secure the just, speedy and inexpensive determination of every action." *Id.* One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Id.*


## II. Uncontroverted Facts

Mr. Tippie, the owner-operator of a truck, entered into an independent contractor agreement with Greatwide Dedicated Transport. OneBeacon issued an occupational accident insurance policy (Policy) to Greatwide for a one-year period beginning February 20, 2009, and Mr. Tippie obtained coverage through the Policy. Mr. Tippie alleges he sustained injuries in late May or early June 2009, while working on his truck under his agreement with Greatwide, and he submitted a claim to OneBeacon for benefits under the Policy—the accident insurance policy covering independent contractors. The claim was denied. On July 9, 2010, Mr. Tippie filed a workers compensation claim with the Kansas Division of Workers Compensation (KDWC), on the theory that at the time of injury he was actually an employee of Greatwide, rather than an independent contractor. OneBeacon, which covers Greatwide employees under a *different* insurance program, has denied the worker's compensation claim. The claim filed before the KDWC is still pending. Mr. Tippie filed this suit on January 18, 2011, in Kansas state court, and it was later removed to this court.


## III. The Policy Language and Outstanding KDWC Claim

OneBeacon makes two arguments in support of its motion for summary judgment. First, that

under the Policy, OneBeacon is not required to pay benefits for any loss until the workers compensation claim filed with the KDWC has been resolved. Second, that Mr. Tippie was not "under dispatch" at the time of his injury, and so the injury falls outside the Policy's coverage. Mr. Tippie urges resolution of the "under dispatch" question. Because this court finds OneBeacon's argument based on the Policy language persuasive, there is no need to reach the question of whether Mr. Tippie was under dispatch.

The interpretation of an insurance contract is a question of law. *Karlin v. Paul Revere Life Ins. Co.*, 742 F. Supp.2d 1253, 1262 (D. Kan. 2010). Unambiguous language must be construed in its plain, ordinary, popular sense, and according to the sense and meaning of the terms used. *Id.* "An insurance policy is ambiguous when it contains language of doubtful or conflicting meaning based on a reasonable construction of the policy's language." *Id.* But the language is not ambiguous simply because the parties disagree about its interpretation. *Id.* Further, the court must not consider what the insurer intends the language to mean. *Id.* Rather the court must view that language as to what a reasonably prudent insured would understand the language to mean. *Id.* This court must consider the terms of the insurance contract as a whole. *Id.*

OneBeacon cites the following Policy language for its contention that no benefits are due until the KDWC workers compensation claim is resolved:

> No benefits will be payable under this Policy for any loss which the Insured Person claims or files under any Workers' Compensation, employers' liability, occupational disease or similar law or any other insurance until such claim or filing is approved or denied. Upon approval or denial, We will determine Our liability under the terms and conditions of the Policy.

Dkt. No. 42, Ex. B., pg. 27. Like OneBeacon, Mr. Tippie believes the language is unambiguous. He argues, however, that because OneBeacon denied the claim for workers compensation pending

4

before the KDWC, there has been a denial of the claim which obligates OneBeacon to determine its liability. The court agrees with the parties that the Policy language is unambiguous as it pertains to the present dispute.

Omitting mid-sentence words superfluous to the issue, and adjusting the tense, the Policy provision reads:

> No benefits will be payable for any loss claimed or filed under any Workers' Compensation law or insurance until such claim or filing is approved or denied. Upon approval or denial, We will determine Our liability.

Mr. Tippie's argument—that OneBeacon's denial of the workers compensation claim pending before the KDWC operates as a denial that triggers a determination of liability—is unpersuasive. Mr. Tippie does not dispute that he has filed a loss under workers compensation law with the KDWC. Under the Policy terms, no benefits are payable on any loss filed under a workers compensation law until such a filing is approved or denied. And the KDWC is the organization that approves or denies claims filed under Kansas Workers' Compensation law—not OneBeacon. Mr. Tippie conflates his filing under workers compensation law with his claim for the same loss under workers compensation insurance, and in doing so formulates an unreasonable interpretation of the Policy's language. For these reasons, summary judgment for OneBeacon is appropriate.

IT IS ACCORDINGLY ORDERED this 2nd day of February, 2012, that OneBeacon's Motion for Summary Judgment (Dkt. No. 41) is granted.

IT IS FURTHER ORDERED that Mr. Tippie's Motion for Summary Judgment and for attorney fees (Dkt. No. 48) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE